IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ADRIAN D. PUGH          :
                        :
     v.                 :     Civil Action No. DKC 16-3816
                        :
BOARD OF EDUCATION MONTGOMERY
COUNTY, MARYLAND        :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination case is the motion to dismiss filed by Defendant Board of Education, Montgomery County, Maryland ("Defendant"). (ECF No. 5). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted.

**I. Background[1]**

This is the second employment discrimination case Plaintiff Adrian D. Pugh ("Plaintiff"), an African-American woman who works or worked for Defendant as a paraeducator, or teacher's assistant (see ECF No. 1-2, at 1), has brought against Defendant. On September 27, 2013, Plaintiff, proceeding *pro* se, sued Defendant and the Equal Employment Opportunity Commission

---

[1] Unless otherwise noted, the facts outlined here are set forth in the complaint and construed in the light most favorable to Plaintiff.

("EEOC"), alleging that Defendant failed to hire her as a "provisional teacher" based on her race, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* ("Title VII").[2] Complaint, *Pugh v. Montgomery Cty. Bd. of Educ.*, No. DKC 13-2862 (D.Md. Sept. 27, 2013), ECF No. 1. The court dismissed Plaintiff's Title VII and denial of due process claims against the EEOC. *Pugh v. EEOC*, No. DKC 13-2862, 2014 WL 2964415, at *4-5 (D.Md. June 30, 2014). Following discovery, the court granted Defendant's motion for summary judgment. *Pugh v. Montgomery Cty. Bd. of Educ.* (*Pugh I*), No. DKC 13-2862, 2016 WL 560793 (D.Md. Feb. 12, 2016), *aff'd per curiam*, 667 F.App'x 398 (4th Cir. 2016) (mem.), *cert. denied*, No. 16-6580, 2017 WL 737856 (U.S. Feb. 27, 2017) (mem.). The United States Court of Appeals for the Fourth Circuit affirmed in an unpublished opinion and the United States Supreme Court denied certiorari. *Id.*

While Plaintiff's petition for writ of certiorari was pending, Plaintiff, proceeding *pro se*, filed the instant action on November 28, 2016, alleging racial discrimination in employment practices in violation of Title VII. (ECF No. 1, at

---

[2] The parties have used the term "provisional teacher" to refer to teachers who obtain a Conditional Degree Certificate ("CDC"), a temporary two-year provisional status for otherwise uncertified teachers who are pursuing their professional certification. Because Plaintiff was not certified as a teacher, she had attempted to obtain a CDC from Defendant.

2

4).[3]  Plaintiff's complaint attached two documents, a memorandum in support and a purported copy of a letter sent to the EEOC, dated April 8, 2015.  (*Id.* at 6).

Plaintiff alleges that *Pugh I* "was unfairly dismissed at the District Court and Circuit Court levels."  (ECF No. 1-1, at 1).  She also alleges that her "due process rights have been egregiously denied by EEOC" and that the "EEOC continues to dismiss [her] complaint(s)" improperly.  (*Id.*).[4]  Finally, Plaintiff alleges that she "learned of new incidents of racially disparate treatment by the defendant" while her previous case was pending, and alleges that Defendant "continues to consistently hire White Comparators for teaching positions, while continuing to consistently deny African-American candidates equal opportunity."  (*Id.* at 2).

The "new incidents" to which Plaintiff alludes appear to be those detailed in the letter addressed to the EEOC that was

---

[3] Plaintiff's complaint also states that the Fourteenth Amendment to the United States Constitution is at issue in this case (*see* ECF No. 1, at 4), but Plaintiff does not allege that Defendant violated the Fourteenth Amendment.

[4] The complaint and Plaintiff's opposition to Defendant's motion to dismiss discuss her allegations against the EEOC at length.  In her opposition, for example, she argues that "[t]his new case is being brought to court because plaintiff [has] not received due process in EEOC – as EEOC unfairly dismissed this case without an investigation[.]"  (ECF No. 9-1, at 1).  The EEOC has not, however, been named as a defendant in this action. (*See* ECF No. 1).

3

attached to the complaint.[5]  (ECF No. 1-2).  Plaintiff identified three incidents which allegedly constituted discriminatory employment practices: the hiring of Plaintiff's former coworker Lisa Moran as a provisional teacher in special education; the resignation of Plaintiff's former coworker Monique Williams, who had accepted a position as a provisional teacher with Prince George's County Public Schools; and the publication of "news reports" regarding Defendant's initiatives to increase teacher diversity, which Plaintiff describes as "proof after-the-fact that [her] first EEOC claim of racial discrimination/disparate treatment by [Defendant] . . . was true."  (*Id.* at 1-3).

On February 6, 2017, Defendant moved to dismiss for failure to state a claim.  (ECF No. 5).  Plaintiff was provided with a *Roseboro* notice (ECF No. 6), which advised her of the pendency of the motion to dismiss and her entitlement to respond within seventeen days from the date of the letter.  *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).  Plaintiff opposed the motion (ECF No. 9), and Defendant replied (ECF No. 10).

---

[5] It is unclear whether Plaintiff attached this letter in order to incorporate its allegations of discrimination against Defendant or in connection with the complaint's allegations against the EEOC.  As the letter to the EEOC is the only document containing new allegations of employment discrimination, and given the liberal construction afforded *pro se* litigants, the court will consider the letter's allegations to be incorporated in the complaint.

4

## II. Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A complaint need only satisfy the standard of Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any

reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).

*Pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented. *Barnett v. Hargett*, 174 F.3d 1128, 1132 (10th Cir. 1999). That is, even when *pro se* litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) ("[E]ven a *pro se* complaint must be dismissed if it does not allege a plausible claim for relief." (citation and internal quotation marks omitted)).

**III. Analysis**

    **A.** *Res Judicata*

In her memorandum in support of the complaint, Plaintiff plainly states that "this case is being filed subsequent to

another original complaint filed in this court by me (pro se) *against this same defendant for the same claim* of racial disparate treatment in employment/hiring practices[.]" (ECF No. 1-1, at 1). Defendant argues that Plaintiff's claim is barred by *res judicata*. (ECF No. 5-1, at 7-10).

"Under the doctrine of res judicata, 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). "The doctrine of *res judicata* contemplates, at a minimum, that courts not be required to adjudicate, nor defendants to address, successive actions arising out of the same transaction and asserting breach of the same duty." *McGhee v. JP Morgan Chase Bank, N.A.*, No. DKC 12-3072, 2013 WL 4495797, at *4 (D.Md. Aug. 20, 2013) (citing *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 563 (5th Cir. 1983)). A court may consider the affirmative defense of *res judicata* and documents from the underlying case on a motion to dismiss if the defense clearly appears on the face of the complaint. *Andrews*, 201 F.3d at 524 n.1 ("Although an affirmative defense such as res judicata may be raised under Rule 12(b)(6) 'only if it clearly appears on the face of the complaint,' when entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding

when the res judicata defense raises no disputed issue of fact[.]" (citation omitted) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993))). For a prior judgment to bar an action on the basis of *res judicata*, (1) the parties in the two actions must be either identical or in privity; (2) the claim in the second action must be based upon the same cause of action involved in the earlier proceeding; and (3) the prior judgment must be final, on the merits, and rendered by a court of competent jurisdiction in accordance with due process. *See id.* at 524; *accord Ohio Valley Envt'l Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009); *Grausz v. Englander*, 321 F.3d 467, 472 (4th Cir. 2003).[6]

It is undisputed that this court's opinion granting summary judgment to Defendant in *Pugh I* was a final judgment on the merits and that the parties in the two suits are identical. Much of Plaintiff's complaint merely expresses her disagreement with the disposition of her first suit. (*See, e.g.*, ECF No. 1-1, at 1-2 ("I believe that my case was unfairly dismissed . . . . In this District Court, I believe that – with the 2013 case – I proved a more solid case than the defendant did; and that this Court did not give the leeway/consideration that I should have received as pro se. . . . It is not fair that

---

[6] Federal rules of *res judicata* apply here because Plaintiff's first suit against Defendant was brought in federal court. *See Andrews*, 201 F.3d at 524.

the defendant can publicly admit that their hiring practices are racially discriminatory, and yet they prevail in a solid case against them proving the same thing that they have admitted to.")). Moreover, Plaintiff herself characterizes this action as bringing "the same claim" "against this same defendant." (*Id.* at 1). There is no question that any attempt to relitigate *Pugh I* is barred by *res judicata*.

Plaintiff also refers to "new incidents" of discrimination, however. Plaintiff argues that she should be permitted to raise these incidents in a new action because they occurred while the prior case was pending but before judgment was entered against her (ECF No. 9-1, at 1-2), while Defendant argues that they are part of the same cause of action as in *Pugh I* and could have been brought in the earlier case (ECF No. 5-1, at 8).

> In finding that the second suit involves the same cause of action, the court need not find that the plaintiff in the second suit is proceeding on the same legal theory he or his privies advanced in the first suit. *See* [*Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 43 (4th Cir. 1990)]. As long as the second suit "arises out of the same transaction or series of transactions as the claim resolved by the prior judgment," the first suit will have preclusive effect. *Id.* (internal quotations omitted).

*Ohio Valley*, 556 F.3d at 210; *see also Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008) ("Newly articulated claims based on the same [transactional] nucleus of

facts may still be subject to a res judicata finding if the claims *could have been brought* in the earlier action." (alteration in original) (emphasis added) (quoting *Tahoe Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003))); *Leftridge v. Matthews*, No. ELH-11-3499, 2012 WL 1377060, at *4 (D.Md. Apr. 18, 2012).

The Title VII claims in *Pugh I* related to two allegations of discrimination: the failure to hire Plaintiff for a special education teacher opening in November 2008, and the failure to hire Plaintiff or grant her a CDC throughout 2009. *Pugh I*, 2016 WL 560793, at *5. Plaintiff filed a charge of discrimination with the EEOC concerning the 2009 application in 2010, and filed *Pugh I* in 2013 following the EEOC's dismissal of the charge. *Id.* at *3. The court rejected Plaintiff's allegation that these incidents were part of "on-going discrimination," finding that Plaintiff was asserting discriminatory failure to hire based on two discrete acts. *Id.* at *5. Plaintiff argues that the alleged incidents at issue here similarly are separate discriminatory events which occurred during the 2014-2015 school year. While it might have served the interest of judicial economy for Plaintiff to have amended her complaint in *Pugh I* to include these incidents, as Defendant suggests should have been done, they were not clearly part of the same event or series of events. To the extent the complaint alleges discriminatory

10

failure to hire based on a discrete act in 2014, the claim is not barred by *res judicata*.[7]

**B. Title VII**

**1. Administrative Exhaustion**

Defendant argues that Plaintiff failed to exhaust her administrative remedies. (ECF No. 5-1, at 10-12). Title VII requires a plaintiff to file an EEOC charge within a prescribed limitations period. 42 U.S.C. § 2000e-5(e)(1). In deferral states such as Maryland, that limitations period is 300 days from the date of the allegedly discriminatory act. *See Pugh I*, 2016 WL 560793, at *4. Title VII also requires a plaintiff to bring a discrimination claim within 90 days from the date of receipt of the right-to-sue letter. 42 U.S.C. § 2000e-5(f). "Courts strictly adhere to these time limits and rarely allow equitable tolling of limitations periods." *Khoury v. Meserve*, 268 F.Supp.2d 600, 606 (D.Md. 2003), *aff'd*, 85 F.App'x 960 (4th Cir. 2004).

The complaint appears to assert that Plaintiff filed her charge with the EEOC on April 15, 2015. (*See* ECF No. 1-2). Defendant attaches to its motion to dismiss an EEOC charge form,

---

[7] Plaintiff also argues, however, that she "still has the legal right to continue to pursue" her case because the court's opinion in *Pugh I* "did not address and/or did not focus on the on-going discrimination" claim in that case. (ECF No. 9-1, at 1-2). The court held that the continuing violation doctrine did not apply in *Pugh I*. 2016 WL 560793, at *5. Any claim here based on that theory is barred by *res judicata*.

11

purportedly signed by Plaintiff and dated July 10, 2015. (ECF No. 5-2). Accordingly, Defendant argues that the 300-day limitations period bars any claim based on incidents that occurred before September 13, 2014, rather than June 19, 2014. (ECF No. 5-1, at 11). Because the allegations of the complaint must be taken as true on a motion to dismiss and because a charge may be recorded on an official EEOC charge form after it has been filed, the court will consider April 15, 2015, to be the date of Plaintiff's EEOC filing for the purposes of this motion. The complaint does not include specific dates, but Plaintiff alleges that Ms. Moran was hired at the beginning of the 2014-2015 school year and that Ms. Williams left Defendant's employ at some point during that school year. (ECF No. 1-2, at 1-2). Given the liberal construction afforded *pro se* plaintiffs, these incidents appear to have occurred after June 19, 2014. Plaintiff has sufficiently alleged that the alleged discrimination took place within the 300 day statutory period.

    **2. Failure to State a Claim**

Defendant also argues that Plaintiff fails to state a claim for failure to hire based on race. Because the complaint purports to state a Title VII claim, Plaintiff "was required to allege facts to satisfy the elements of a cause of action created by that statute" – that is, that Defendant "'fail[ed] or refus[ed] to hire' her '*because of* [her] race . . . [or] sex.'"

*McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (alterations in original) (quoting 42 U.S.C. § 2000e-2(a)(1)).[8]

Two of the three incidents Plaintiff describes do not involve her and cannot be the basis for a Title VII claim. Ms. Williams is not a party to this action, and her alleged decision to accept an employment offer in a neighboring county is irrelevant to Plaintiff's claim of employment discrimination.[9] The alleged publication of news articles in which Defendant discussed efforts to increase teacher diversity is also not a discriminatory action against Plaintiff.

---

[8] Defendant argues that the complaint should be measured against the *McDonnell Douglas* evidentiary standard, but "the ordinary rules for assessing the sufficiency of a complaint apply" here; "an employment discrimination plaintiff need not plead a prima facie case of discrimination . . . to survive [a] motion to dismiss." *McCleary-Evans*, 780 F.3d at 584-85 (alterations in original) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 515 (2002)).

[9] Plaintiff alleges in her complaint that she "know[s] Ms. Williams would have preferred to teach provisionally with [Defendant]," but admits that she does not know the "specifics about Ms. Williams' efforts to get hired by [Defendant]." (ECF No. 1-2, at 2). Plaintiff styled her complaint as a class action, but she essentially concedes that the complaint's class action allegations are insufficient. (*See* ECF No. 9-1, at 2). Moreover, an individual is not permitted to bring a class action complaint unless she is represented by counsel. The Fourth Circuit has consistently held that "this circuit does not certify a class where a pro se litigant will act as representative of that class." *Fowler v. Lee*, 18 F.App'x 164, 165 (4th Cir. 2001) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)).

The final incident alleged in the complaint is Defendant's hiring of Ms. Moran, a white woman, as a provisional teacher, for the 2014-2015 school year.[10] Plaintiff alleges that she "could have been hired to teach in the same position that Ms. Moran was hired for; but [Defendant] continues to blatantly discriminate against [her] because of [her] race," and that she "was denied jobs as a teacher because of [her] race (African-American)[.]" (ECF No. 1-2, at 2-3). She states, "I know that if I were White, [Defendant] would have already hired me to teach a long time ago." (*Id.* at 3).

Plaintiff has not sufficiently alleged that Defendant failed to hire her because of her race. Plaintiff makes broad, conclusory allegations that she was not hired because of her race, but she has alleged no facts in support of those conclusions. *See McCleary-Evans*, 780 F.3d at 585–86 (affirming dismissal of a failure to hire claim where plaintiff merely alleged that defendant did not hire her because its decision

---

[10] Defendant argues that Ms. Moran was not hired as a provisional teacher and attaches her professional eligibility certificate to its motion to dismiss. (ECF No. 5-3). Ordinarily, a court cannot consider matters outside the pleadings or resolve factual disputes when ruling on a Rule 12(b)(6) motion. *See Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). The court does not agree with Defendant that this document is integral to the complaint, and will exclude it from consideration rather than convert this motion to one for summary judgment.

makers were biased and had predetermined that they would select white candidates to fill the positions).

Moreover, Plaintiff has failed to allege that she applied for any open position for which she was qualified; indeed, she failed to allege that she applied for any position at all during the 300 day statutory period.  Plaintiff explains in her letter to the EEOC that, "due to [her] active lawsuit against them," she believes Defendant knew she was "still interested in being hired by them to teach provisionally, and that each time they hire a White provisional teacher . . . then that new hire counts as a new incident of disparate treatment, racial discrimination in the hiring process against [her.]"  (*Id.* at 2).  Plaintiff takes the same position in her opposition to the motion to dismiss:

> Plaintiff argues that her time in court with the defendant on the prior charge is/was her "open application" for any relevant teaching position that was available during that time.  The fact that plaintiff has been in litigation with the defendant from the initial filing of the prior complaint with EEOC in March 2010, up to today, means that the plaintiff is interested in filling a teaching position with the defendant since plaintiff is actively seeking judgment in her favor[.]

(ECF No. 9-1, at 2-3).[11]  A pending employment discrimination lawsuit is not an "open application" for employment.  By failing to allege that she applied for a position with Defendant or attempted to obtain a CDC for a specific position during the relevant time period, Plaintiff has not pleaded sufficient facts to state a claim for failure to hire.  Defendant could not have discriminated against Plaintiff by hiring a different candidate for a position to which Plaintiff did not apply.  The complaint fails to state a plausible claim for relief, and accordingly, Defendant's motion to dismiss will be granted.

The current complaint is ambiguous, to say the least, and does not state a plausible employment discrimination claim.  As discussed above, Plaintiff cannot state a new claim regarding the specific events at issue in her prior case or on the theory that Defendant's failure to hire her as a provisional teacher constitutes "on-going discrimination."  Those claims have been

---

[11] Although Plaintiff does not contend that she applied for the position Ms. Moran was hired to or identify any other specific application made during the relevant time period, she does state generally in her opposition to the motion that she has "periodically searched the defendant's jobs database, and applied for positions, even up through and beyond September 2014[.]"  (ECF No. 9-1, at 2).  "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."  *Mylan Labs., Inc. v. Akzo, N.V.*, 770 F.Supp. 1053, 1068 (D.Md. 1991) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984)); *see Zachair Ltd. v. Driggs*, 965 F.Supp. 741, 748 n.4 (D.Md. 1997) (stating that the plaintiff "is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint"), *aff'd*, 141 F.3d 1162 (4th Cir. 1998).

resolved against her.  She also cannot bring a class action complaint unless she is represented by counsel.  Any new complaint must allege facts that plausibly support a Title VII claim of discrimination without relying on the proceedings in *Pugh I*.  If Plaintiff can allege in good faith that, after June 19, 2014, she was qualified for the position to which Ms. Moran was hired; applied for or was prevented from applying for that position; and was not hired to that position *because of* her race, and if she still wishes to proceed on a Title VII claim against Defendant for failure to hire her as a Special Education teacher at Bethesda-Chevy Chase High School for the 2014-2015 school year, she may file an amended complaint within twenty-one (21) days.[12]

**IV. Conclusion**

For the foregoing reasons, the motion to dismiss filed by Defendant will be granted.  A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge

---

[12] Although the court does not consider Defendant's evidence regarding Ms. Moran's professional certification here, it appears that Plaintiff may now be satisfied that Ms. Moran was hired as a certified teacher and is not a comparator. (*See* ECF No. 9-1, at 2).  If Plaintiff concedes that Ms. Moran was certified, it may be impossible for Plaintiff to state a claim as to that particular position, and Plaintiff may choose not to amend.