IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ADRIAN D. PUGH                  :

    v.                         :    Civil Action No. DKC 16-3816

                                 :
BOARD OF EDUCATION MONTGOMERY
COUNTY, MARYLAND                :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination case are a motion to dismiss filed by Defendant Board of Education, Montgomery County, Maryland ("Defendant") (ECF No. 18), and motions for summary judgment, to strike, and for sanctions filed by Plaintiff Adrian Pugh ("Plaintiff") (ECF Nos. 21; 29; 30). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted, and the motions for summary judgment, to strike, and for sanctions will be denied as moot.

**I.  Background**

A more complete recitation of Plaintiff's allegations can be found in the court's prior memorandum opinion granting Defendant's motion to dismiss Plaintiff's initial complaint (ECF No. 11). Defendant's prior motion to dismiss for failure to state a claim was granted because Plaintiff had not alleged

sufficiently that Defendant failed to hire her because of her race.  (ECF No. 11, at 14).  As the court explained:

> Plaintiff makes broad, conclusory allegations that she was not hired because of her race, but she has alleged no facts in support of those conclusions. . . .
>
> Moreover, Plaintiff has failed to allege that she applied for any open position for which she was qualified; indeed, she failed to allege that she applied for any position at all during the 300 day statutory period.  Plaintiff explains in her letter to the EEOC that, "due to [her] active lawsuit against them," she believes Defendant knew she was "still interested in being hired by them to teach provisionally, and that each time they hire a White provisional teacher . . . then that new hire counts as a new incident of disparate treatment, racial discrimination in the hiring process against [her.]"  ([ECF No. 1-2] at 2). . . .  A pending employment discrimination lawsuit is not an "open application" for employment.  By failing to allege that she applied for a position with Defendant or attempted to obtain a [Conditional Degree Certificate ("CDC")][1] for a specific position during the relevant time period, Plaintiff has not pleaded sufficient facts to state a claim for failure to hire.  Defendant could not have discriminated against Plaintiff by hiring a different candidate for a position to which Plaintiff did not apply.  The complaint fails to state a plausible claim for relief, and accordingly, Defendant's motion to dismiss will be granted.

---

[1] A CDC is a temporary two-year provisional status for otherwise uncertified teachers who are pursuing their professional certification.  (ECF No. 11, at 2 n.2).

2

(ECF No. 11, at 14-16). Plaintiff was instructed that, "if she still wishe[d] to proceed on a Title VII claim against Defendant for failure to hire her as a Special Education teacher at Bethesda-Chevy Chase High School for the 2014-2015 school year," and if she could "allege in good faith that, after June 19, 2014, she was qualified for the position to which Ms. Moran was hired; applied for or was prevented from applying for that position; and was not hired to that position because of her race," then she would be permitted to file an amended complaint within twenty-one days. (*Id.* at 17).

On May 3, Plaintiff filed a document titled "Amended Complaint" (ECF No. 13), and a motion for reconsideration of the dismissal of her class action request (ECF No. 14). On May 5, the court denied Plaintiff's motion for reconsideration and dismissed the "amended complaint" without prejudice. (ECF No. 15-1). The court explained that Plaintiff's filing was not in the form of a complaint and did not plead new allegations against Defendant. As the court noted:

> [T]he "amended complaint" is devoid of details establishing that she was qualified for the position or that she was not hired to the position because of her race. Plaintiff has not included specific dates or any particularized context for her allegations. The "amended complaint" largely consists of conclusory statements without further factual enhancement.

(*Id.* at 4). Plaintiff was "provided one final opportunity to file an amended complaint in proper form within the next fourteen (14) days." (*Id.* at 3).

Plaintiff filed her second amended complaint on May 22. (ECF No. 17). Defendant filed the pending motion to dismiss on June 5 (ECF No. 18), Plaintiff submitted a response in opposition on June 23 (ECF No. 21), and Defendant replied (ECF No. 25). Without leave of court, Plaintiff filed a surreply on July 31. (ECF No. 27). Plaintiff also filed a separate motion for summary judgment (ECF No. 21), Defendant submitted a response in opposition on July 19 (ECF No. 26), and Plaintiff replied on July 31 (ECF No. 28). On August 18, Plaintiff filed a motion to strike (ECF No. 29), and a motion for sanctions (ECF No. 30). Defendant submitted a response in opposition to Plaintiff's motions to strike and for sanctions (ECF No. 31), and Plaintiff replied (ECF No. 32).

**II. Standard of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than

a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). Ultimately, a complaint must "'permit[ ] the court to infer more than the mere possibility of misconduct' based upon 'its judicial experience and common sense.'" *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

*Pro se* pleadings are construed liberally and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented. *Barnett v. Hargett*, 174 F.3d 1128, 1132 (10th Cir. 1999). That is, even when *pro se* litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) ("[E]ven a *pro se* complaint must be dismissed if it does not allege a plausible claim for relief." (citation and internal quotation marks omitted)).

**III. Analysis**

Defendant moves to dismiss Plaintiff's second amended complaint on the grounds that she has not stated a viable Title VII claim and her claims of alleged discrimination for Defendant's failure to hire her or grant her a CDC in 2008 and 2009 are barred by *res judicata*. (ECF No. 18-1, at 8).

6

Defendant is correct and Plaintiff's second amended complaint will be dismissed with prejudice.

To state a claim for discriminatory failure to hire based on race, Plaintiff must plead that: (1) she is a member of a protected class; (2) the employer had an open position for which she applied (or was prevented from applying for); (3) she was qualified for the position; and (4) she was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. *Brown v. McLean*, 159 F.3d 898, 902 (4th Cir. 1998) (citations omitted); *see Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 n.6. (1981).

Plaintiff argues that she was prevented from applying to the position as a Special Education teacher at Bethesda-Chevy Chase High School for the 2014-2015 school year because Defendant improperly denied her request for a CDC to teach special education because of her race in 2008 and 2009. (ECF Nos. 17, at 3, 6-10, 16; 17-19; 17-21; 20, at 2). Plaintiff does not allege that she later requested a CDC from Defendant and states that since Defendant's rejections were based on her "lack of education and experience," and "[her] education and experience situation had not changed," it was reasonable for her to expect that any further CDC requests would be denied. (*Id.* at 8). The court granted summary judgment in Defendant's favor on Plaintiff's Title VII claim related to Defendant's alleged

failure to hire Plaintiff or grant her a CDC in 2008 and 2009 in *Pugh v. Montgomery Cty. Bd. of Educ.* (*Pugh I*), No. DKC 13-2862, 2016 WL 560793, at *5 (D.Md. Feb. 12, 2016), *aff'd per curiam*, 667 F.App'x 398 (4th Cir. 2016) (mem.), *cert. denied*, No. 16-6580, 2017 WL 737856 (U.S. Feb. 27, 2017) (mem.). The record in *Pugh I* showed that Plaintiff "did not meet Defendant's qualifications for a CDC. Most glaringly, Plaintiff did not obtain three references with ratings of 'highly effective.'" *Pugh I*, at *6. As previously held, "[t]here is no question that any attempt to relitigate *Pugh I* is barred by res judicata." (ECF No. 11, at 9). Therefore, Plaintiff was not prevented from applying for the position because of her race.

Plaintiff states that an attachment of her current CDC "showing that [P]laintiff is allowed up to two years to complete requirements," "prove[s] that [P]laintiff is now eligible for CDC for the state of Maryland, but also, [P]laintiff was eligible for CDC at the time of the [D]efendant's written rejection email in September 2009." (ECF Nos. 17, at 7; 17-20). Plaintiff's CDC is valid from 2016 through 2018 and Plaintiff still has not alleged that she met the qualifications for a special education teacher position for the 2014-2015 school year. Defendant could not have discriminated against Plaintiff by hiring a different candidate for a position for which she was not qualified.

**IV. Conclusion**

Plaintiff's second amended complaint fails to state a plausible claim for relief despite repeated opportunities. Thus, Defendant's motion to dismiss will be granted, and Plaintiff's second amended complaint will be dismissed with prejudice. Plaintiff's motion for summary judgment will be denied as moot, and accordingly, Plaintiff's motion to strike Defendant's affidavit attached to its opposition to her motion for summary judgment and Plaintiff's motion to impose sanctions against Defendant for submitting the affidavit are also moot. A separate order will follow.

                                                          /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge